**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY P. WEED, | |
|       Plaintiff, | |
| v. | 1:17-cv-3547-WSD |
| SUNTRUST BANK, | |
|       Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant SunTrust Bank's ("Defendant" or "SunTrust") Motion to Dismiss [11].

**I.  BACKGROUND**

Plaintiff Timothy P. Weed ("Weed") alleges that in early 2017, Defendant began calling his cellular telephone using an "automated telephone dialing system." (First Amended Complaint "Compl." [9] ¶ 5). When he answered the calls, Weed would sometimes hear prerecorded messages instructing him to "wait for an important message from SunTrust." Id. ¶ 6. At other times, he would hear a "clicking noise" before being connected to a representative. Id. ¶ 7. Weed alleges the clicking noise and the use of a prerecorded message are indicative of SunTrust's use of a predictive dialer.

Weed alleges that in or around February 2017, he spoke with a live SunTrust representative and asked SunTrust to cease calling his cellular phone number. SunTrust continued to place automated calls to Weed's cell phone.

On July 6, 2015, before the calls at issue in this case began, Weed entered into a Retail Installment Sale Contract (the "Sale Contract") to purchase a car with financing from a third party lender. The Sale Contract was later assigned to SunTrust. ([11.2]).[1] The Sale Contract provides:

> **Servicing and Collection Contacts**
> You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows[.] You also agree that we may try and contact you in these and other ways at any address or telephone number you provide, even if the telephone number is a cell phone number or the contact results in a charge to you.

([11.2] at 2). The only contact information listed in the Sale Contract is Weed's name and address. It does not list Weed's cell phone number.

On December 20, 2017, Weed filed his Amended Complaint, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

On January 12, 2018, SunTrust filed its Motion to Dismiss [11]. SunTrust

---

[1] The Sale Contract was not referenced in the Amended Complaint, but SunTrust relies upon it in moving to dismiss.

argues the Amended Complaint fails to allege sufficient facts to support a violation of the TCPA, and, even if it does, Weed irrevocably consented to receiving phone calls from SunTrust in the Sale Contract.

**II.    DISCUSSION**

    A.    Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

A plaintiff is "not required to negate an affirmative defense in [its] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great American Commc'ns Co., 12 F.3d 717, 718 (7th Cir.1993)). "Generally, the existence of an affirmative defense will not support a motion to dismiss." Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984), *en banc reh'g*, 764 F.2d 1400 (11th Cir.1985) (per curiam) (reinstating panel opinion).[2]

---

[2] A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Id.; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the

4

B.  Analysis

The TCPA makes it unlawful for "any person," absent the "prior express consent of the called party," to make any non-emergency call "using any automatic telephone dialing system [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service [.]"  47 U.S.C. § 227(b)(1)(A)(iii).  Anyone who violates the TCPA may be sued for "actual monetary loss" or $500 in damages for each violation, "whichever is greater."  Id. § 227(b)(3)(B).  Treble damages are available for knowing or willful TCPA violations.  Id. § 227(b)(3).

Weed alleges a claim for a violation of the TCPA.  He claims that in 2017 "SunTrust began calling Plaintiff's cellular telephone, number 678-xxx-1951" and that the calls "were not placed for 'emergency purposes.'"  (Compl. ¶¶ 5, 21).  Weed also claims that "[t]he telephone number called by Defendant was and is assigned to a cellular telephone service for which Weed incurs charges pursuant to 47 U.S.C. § 227(b)(1)."  (Id. at ¶ 19).  In February 2017, he alleges that he asked SunTrust to stop calling his cell phone, but SunTrust continued calling.  (Id.

complaint.") (citing Jones v. Bock, 549 U.S. 199, 215, (2007)).  Here, Defendant's defense is based on a provision of the Sale Contract that was not attached to or referenced in the Amended Complaint.  That is, SunTrust's defense is not "on the face of the complaint."  Id. at 1175.

5

¶¶ 9-10).

The Amended Complaint sufficiently alleges facts to support that SunTrust used artificial or prerecorded voices and an ATDS. Weed alleges that upon answering a call from Defendant, "he heard a prerecorded message instructing him to wait for an important message from SunTrust." (Id. ¶ 6). Allegations supporting the use of prerecorded messages are sufficient to state a TCPA claim. Bound v. Grand Bahama Cruise Line, LLC, No. 1:15-cv-02856-LMM, 2016 WL 10572262, at *2 (N.D. Ga. June 15, 2016) ("use of an ATDS is not a necessary element. Rather, Plaintiff can also state a valid claim . . . by alleging that Defendant used an artificial or prerecorded voice to make these calls."). Weed also alleges that when he answered some of Defendant's calls, he "heard a clicking noise before he was connected to the next available representative," which along with SunTrust's use of a prerecorded message is "indicative of SunTrust's use of a predictive dialer, which constitutes an ATDS under the TCPA." (Id. ¶¶ 7-8). These allegations are sufficient to establish that an ATDS was used. See Jenkins v. LL Atlanta, LLC, No. 1:14-cv-2791-WSD, 2016 WL 1029524, at *4 (N.D. Ga. Mar. 9, 2016) (generic, impersonal nature of text message advertisements and use of codes supported an inference that the text messages were sent using an ATDS); Reid v. GE Capital Retail Bank, No. CV 114-079, 2014 WL 6981426, at *2 (S.D.

Ga. Dec. 9, 2014) ("In light of a plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an ATDS."); Wilson v. CitiMortgage, Inc., No. 1:17-cv-7-ODE-JSA, 2017 WL 8218947, at *3 (N.D. Ga. Aug. 21, 2017), adopted by, No. 1:17-cv-7-ODE, 2017 WL 8218949 (N.D. Ga. Sept. 25, 2017) ("unnatural period of silence" and other "dead air" at the beginning of the calls "plausibly suggest the use of automated dialing").

The Amended Complaint alleges that SunTrust was using pre-recorded messages and an ATDS to place calls to Weed's cell phone without his prior express consent. It therefore sufficiently states a plausible claim under the TCPA.

SunTrust argues that Weed consented in the Sale Contract to the calls from SunTrust when he agreed to be contacted "at any address or telephone number you provide, even if the telephone number is a cell phone number or the contact results in a charge to you." ([11.2] at 2). SunTrust further argues that this consent was contractual and not subject to oral revocation.

Prior express consent is an affirmative defense that is not an element of Weed's claim. See Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1304-05 (11th Cir. 2015); Etzel v. Hooters of Am., LLC, 223 F. Supp. 3d 1306,

1317 n.15 (N.D. Ga. 2016) ("[e]xpress consent is not an element of a TCPA plaintiff's *prima facie* case, but rather is an affirmative defense for which the defendant bears the burden of proof.") (citation omitted). "[T]he existence of an affirmative defense will not support a motion to dismiss." Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1225 n.8 (11th Cir. 2016). SunTrust's express consent defense does not clearly appear on the face of the Amended Complaint and does not otherwise support SunTrust's motion to dismiss. Consideration of Weed's consent is simply premature at this stage of the litigation. See Bray v. PNC Bank, N.A., 196 F. Supp. 3d 1282, 1289 (M.D. Fla. 2016) (stating that sufficiency of plaintiff's allegations regarding lack of consent were not before the court on a motion to dismiss); Brown v. Account Control Tech., Inc., No. 1362765, 2014 WL 11706429, at *4 (S.D. Fla. Mar. 28, 2014) (affirmative defense of prior express consent "is irrelevant at this stage").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant SunTrust Bank's Motion to Dismiss [11] is **DENIED**.

**SO ORDERED** this 3rd day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE